# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON S. JOHNSON,<br><br>  Plaintiff,<br><br>  v.<br><br>RODERICK Q. HICKMAN, et al.,<br><br>  Defendants. | CASE NO. 1:05-CV-01340-AWI-LJO-P<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL, AND DENYING MOTION TO AMEND AS UNNECESSARY<br><br>(Docs. 15 and 17) |

Plaintiff Garrison S. Johnson ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On January 26, 2006, plaintiff filed a motion seeking the appointment of counsel and a motion seeking leave to file an amended complaint.

The court cannot require an attorney to represent plaintiff. <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases. "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success of the merits and the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" <u>Terrell</u>, 935 F.2d at 1017 (citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with

1 similar cases almost daily.  At this early stage in the proceedings, the court cannot make a
2 determination that plaintiff is likely to succeed on the merits, and based on a review of the record
3 in this case, the court does not find that plaintiff cannot adequately articulate his claims.[1]  Terrell,
4 935 F.2d at 1017.  Therefore, plaintiff's motion for the appointment of counsel shall be denied.

With respect to plaintiff's motion seeking leave to amend, under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.  Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a).  In this case, a responsive pleading has not been served and plaintiff has not previously amended his complaint.  Therefore, plaintiff may file an amended complaint without leave of the court.  The proposed amended complaint submitted by plaintiff was filed in by the Clerk's Office and will be screened in due course.

Based on the foregoing, plaintiff's motion for the appointment of counsel and motion for leave to amend, filed January 26, 2006, are HEREBY DENIED.

IT IS SO ORDERED.

**Dated:    March 6, 2006**             /s/ Lawrence J. O'Neill
b9ed48                                   UNITED STATES MAGISTRATE JUDGE

---

[1] The court has not yet screened plaintiff's complaint to determine whether it contains any cognizable claims for relief.  28 U.S.C. § 1915A.  The court has many civil cases pending before it and will screen plaintiff's complaint in due course.