1

2

3

4

5

6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON S. JOHNSON, | CASE NO. 1:05-CV-01340-AWI-LJO-P |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE CLAIMS |
| v. | |
| RODERICK Q. HICKMAN, et al., | (Doc. 16) |
| Defendants. | |
| _____/ | |

I.      Screening Order

        A.      Screening Requirement

        Plaintiff Garrison S. Johnson ("plaintiff") is a state prisoner proceeding pro se in this civil

rights action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3).  Plaintiff filed this action on

October 24, 2005.  On January 26, 2006, plaintiff filed an amended complaint.  Fed. R. Civ. P. 15(a).

        The court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

///

1    "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
2    exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S.
3    506, 512 (2002); Fed. R. Civ. Pro. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short
4    and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. Pro.
5    8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is
6    and the grounds upon which it rests."  <u>Swierkiewicz</u>, 534 U.S. at 512.  A court may dismiss a
7    complaint only if it is clear that no relief could be granted under any set of facts that could be proved
8    consistent with the allegations.  <u>Id</u>. at 514.  "'The issue is not whether a plaintiff will ultimately
9    prevail but whether the claimant is entitled to offer evidence to support the claims.  Indeed it may
10   appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the
11   test.'"  <u>Jackson v. Carey</u>, 353 F.3d 750, 755 (9th Cir. 2003) (quoting <u>Scheuer v. Rhodes</u>, 416 U.S.
12   232, 236 (1974)); <u>see also</u> <u>Austin v. Terhune</u>, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need
13   suffice only to put the opposing party on notice of the claim . . . .'" (quoting <u>Fontana v. Haskin</u>, 262
14   F.3d 871, 977 (9th Cir. 2001))).  However, "the liberal pleading standard . . . applies only to a
15   plaintiff's factual allegations."  <u>Neitze v. Williams</u>, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal
16   interpretation of a civil rights complaint may not supply essential elements of the claim that were not
17   initially pled."  <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting
18   <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

19       B.    <u>Summary of Plaintiff's Amended Complaint</u>

20       The events at issue in the instant action allegedly occurred at California State Prison-
21   Corcoran, where plaintiff was housed at the time.  Plaintiff is seeking monetary, declaratory, and
22   injunctive relief.  Plaintiff names as Arnold Schwarzenegger, Roderick Q. Hickman, Jeanne S.
23   Woodford, A. K. Scribner, J. R. Andrews, J. Kavanaugh, J. Smith, J. Hart, V. Moran, A. Davis, I.
24   Bonilla, Kellog, and J. Amaya defendants.

25       In his complaint, plaintiff alleges that on May 22, 2005, he was escorted from the dining hall
26   to the program office by defendants Hart and Bonilla with defendant Smith following behind.  (Doc.

27

28

16, Amend. Comp., ¶26 (page 7).[1])  After entering the office, defendant Bonilla held plaintiff while defendants Hart and Smith hit him in the head and face and slammed his head into the wall.  (Id., ¶26 (page 8).)  Plaintiff was subsequently placed in a holding cage, at which point he called defendant Smith a racist.  (Id.)  Defendant Smith then sprayed him in the face with pepper spray, after which defendants Bonilla and Hart took him to the administrative segregation unit for decontamination.  (Id., ¶¶26 (page 8), 27.)

Plaintiff was taken to a shower and defendant Bonilla held plaintiff while defendant Hart put plaintiff in the water.  (Id., ¶27.)  Plaintiff screamed that the water was hot and defendant Hart began hitting plaintiff in the head and pushing his head and face into the shower walls.  (Id.)  Plaintiff alleges that defendants Davis, Kellog, and a Doe defendant were present when defendants Bonilla and Hart placed plaintiff in the shower and defendant Hart "torched" him with hot water and beat him, but did nothing to intervene.  (Id., ¶28.)  Plaintiff alleges that as a result of the beatings, he sustained a concussion, head trauma, head pain, a swollen and infected left eye, and a swollen right cheek and left eyelid.  (Id., ¶29.)

Plaintiff alleges that defendant Amaya came to administrative segregation after the assault and asked plaintiff his name and number.  (Id., ¶36.)  Plaintiff told defendant Amaya that he had been hit and slammed into wall, and was in pain, but defendant filed a report stating that plaintiff had no injuries.  (Id.)  Plaintiff alleges that this caused him to be denied medical attention and that defendant Amaya acted with deliberate indifference to his serious medical needs.  (Id., ¶¶36, 37.)

On June 7, 2005, plaintiff filed a staff complaint against defendants Hart and Smith for the beatings.  (Id., ¶31.)  Defendant Kavanaugh investigated the complaint and concluded that it was false.  (Id., ¶¶31, 32.)  Plaintiff alleges that defendant Kavanaugh filed a false Rules Violation Report against him, for filing a false staff complaint.  (Id., ¶32.)  Plaintiff was subsequently found guilty of the rules violation.  (Id.)

Plaintiff alleges that defendant Moran was assigned as the investigative employee.  (Id., ¶34.)  Plaintiff told defendant Moran that the CDC 7219 (Medical Report of Injury of Unusual Occurrence

---

[1] Plaintiff's amended complaint contains two paragraphs identified as the twenty-sixth paragraph.

form) prepared by defendant Amaya was false because defendant Amaya failed to document plaintiff's injuries. (Id..) Plaintiff alleges that he told defendant Moran that the day after the incident he was examined by Dr. Dang as an assault victim and Dr. Dang ordered x-rays, gave plaintiff an ice pack and acetaminophen. (Id.) Plaintiff alleges that defendants Moran and Kavanaugh refused to question Dr. Dang. (Id., ¶35.)

Plaintiff alleges that there is a pattern and practice of excessive force at Corcoran, of which defendants Scribner and Andrews were aware. (Id., ¶38.) Plaintiff alleges that there is a pattern and practice of using excessive force against African American inmates as they exit the dining hall following their meal, and that defendants Scribner and Andrews were aware of it. (Id., ¶39.) Plaintiff alleges that defendants Schwarzenegger, Hickman and Woodford were aware of the pattern and practices of excessive force and discrimination occurring in all state prisons. (Id., ¶40.)

Plaintiff alleges claims for relief under section 1983 for retaliation in violation of the First Amendment, use of excessive force and denial of medical care in violation of the Eighth Amendment, and discrimination in violation of the Equal Protection Clause, and under section 1985(3) for conspiracy.

C.     Plaintiff's Claims

1.     Retaliation

Plaintiff alleges that he was retaliated against for filing a staff complaint. (Id., ¶43-45.) Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Although plaintiff's allegations are sufficient to state a claim for relief under section 1983 against defendant Kavanaugh for retaliating against him by filing a false Rules Violation Report

against him, plaintiff's claim is barred by the habeas exhaustion rule.  As a result of being found guilty of filing a false report against a peace officer, plaintiff lost time credits.[2]  Where "success in a . . . [section] 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." Muhammad v. Close, 540 U.S. 749, 751, 124 S.Ct. 1303, 1304 (2004) (citing to Heck v. Humphrey, 512 U.S. 477 (1994)); Edwards v. Balisok, 520 U.S. 641, 648 (1997) (applying Heck to a prison disciplinary hearing where good-time credits were affected).  Because the punishment imposed at the disciplinary hearing affects the duration of plaintiff's sentence and a finding that a false rules violation was issued against plaintiff in retaliation would invalidate the result of the disciplinary hearing, plaintiff's claim is barred until such time as plaintiff invalidates the result of the disciplinary hearing either through a petition for writ of habeas corpus or through prison procedures.  Although plaintiff alleges only a retaliation claim, this bar would apply to any other claims against defendants stemming from the issuance and adjudication of the Rules Violation Report.

　　　　　　　　　2.　　Excessive Force

"Whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishment Clause [of the Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Hudson v. McMillian, 503 U.S. 1, 7 (1992) (citing Whitley v. Albers, 475 U.S. 312, 320-21 (1986)).  "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between the need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'"  Hudson, 503 U.S. at 7.  "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it."  Id.

///

---

[2] The court takes judicial notice of page 6 of Exhibit C, attached to plaintiff's original complaint.  (Doc. 1.)

Not "every malevolent touch by a prison guard gives rise to a federal cause of action. Id. at 9. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." Id. (citing Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir. 1973) (cert. denied sub nom. Johnson, 414 U.S. 1033 (1973)). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Id. at 9-10. However, the malicious and sadistic use of force to cause harm *always* violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)).

Plaintiff's allegations are sufficient to give rise to claims for relief under section 1983 against defendants Hart, Bonilla, Smith, Davis, and Kellog for use of excessive force. Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000) (an officer can be held liable for failing to intercede if he had a "realistic opportunity" to intercede). Plaintiff's allegations are also sufficient to give rise to a claim for relief against defendants Scribner, Andrews, Schwarzenegger, Hickman, and Woodford for excessive force under a theory of supervisory liability, based on plaintiff's allegation that the use of force against him was part of a pattern and practice known to defendants.

### 3.   Denial of Medical Attention

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may

be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

Plaintiff's allegations are sufficient to give rise to a claim for relief under section 1983 against defendant Amaya for acting with deliberate indifference to plaintiff's serious medical needs.

### 4.    Equal Protection

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972).  In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that defendants acted with intentional discrimination against plaintiff or against a class of inmates which included plaintiff. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985).  "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren, 152 F.3d at 1194.

Plaintiff alleges a claim for relief under section 1983 for denial of equal protection based on the California Department of Corrections and Rehabilitation's ("CDCR") policy of limiting employment of African Americans within the department, resulting in the overwhelming employment of Hispanics and Caucasians. (Comp., ¶¶51-56.)  This claims fails as a matter of law. Although plaintiff may bring an equal protection claim based on intentional discrimination against him, plaintiff does not have standing to bring a claim based on CDCR's allegedly discriminatory hiring practices.[3] Lujan v. Defenders of Wildlife, 504 U.S. 555, 112 S.Ct. 2130 (1992).

///

[3] Additionally, CDCR is not named as a defendant and any claims against CDCR would be barred in any event because it is entitled to Eleventh Amendment immunity as a state agency.

1        5.    <u>Section 1985(3) Conspiracy</u>

2      Finally, plaintiff alleges that defendants conspired to use a code of silence to deprive him of

3   equal protection of the law, in violation of 42 U.S.C. § 1985(3).  (Comp., ¶57, 58.)  Section 1985

4   proscribes conspiracies to interfere with an individual's civil rights. To state a cause of action under

5   section 1985(3), plaintiff must allege: (1) a conspiracy, (2) to deprive any person or class of persons

6   of the equal protection of the laws, (3) an act by one of the conspirators in furtherance of the

7   conspiracy, and (4) a personal injury, property damage or deprivation of any right or privilege of a

8   citizen of the United States.  <u>Gillispie v. Civiletti</u>, 629 F.2d 637, 641 (9th Cir. 1980); <u>Giffin v.</u>

9   <u>Breckenridge</u>, 403 U.S. 88, 102-03 (1971). Section 1985 applies only where there is a racial or other

10  class-based discriminatory animus behind the conspirators' actions. <u>Sever v. Alaska Pulp Corp.</u>, 978

11  F.2d 1529, 1536 (9th Cir. 1992).

12     In interpreting these standards, the Ninth Circuit has held that a claim under section 1985

13  must allege specific facts to support the allegation that defendants conspired together. <u>Karim-Panahi</u>

14  <u>v. Los Angeles Police Dept.</u>, 839 F.2d 621, 626 (9th Cir. 1988).  A mere allegation of conspiracy

15  without factual specificity is insufficient to state a claim under section 1985. <u>Id</u>.; <u>Sanchez v. City</u>

16  <u>of Santa Anna</u>, 936 F.2d 1027, 1039 (9th Cir. 1991).

17     As previously set forth, plaintiff has no standing to sue based on allegedly discriminatory

18  hiring practices.  With respect to conspiracy to discriminate by the individuals named as defendants

19  in this action, plaintiff alleges only that there exists a pattern and practice of discriminating against

20  African American inmates.  Plaintiff has alleged no facts supporting a claim that on May 22, 2005,

21  defendants conspired to use excessive force against him and/or to deny him medical care because

22  he is African American.  Although the federal system is one of notice pleading, plaintiff must allege

23  some facts that would support a section 1985(3) claim.

24    D.    <u>Conclusion</u>

25     The court finds that plaintiff's amended complaint contains cognizable claims for relief under

26  section 1983 against defendants Hart, Bonilla, Smith, Davis, Kellog, Scribner, Andrews,

27  Schwarzenegger, Hickman, and Woodford for use of excessive force and against defendant Amaya

28  for denial of medical care, in violation of the Eighth Amendment.  However, the court finds that

plaintiff's amended complaint does not contain any other claims upon which relief may be granted under section 1983 or section 1985(3).  The court will provide plaintiff with the opportunity to file a second amended complaint, if plaintiff wishes to do so.

If plaintiff does not wish to file a second amended complaint and wishes to proceed against defendants Hart, Bonilla, Smith, Davis, Kellog, Scribner, Andrews, Schwarzenegger, Hickman, Woodford, and Amaya  on his Eighth Amendment claims only, plaintiff may so notify the court in writing. The court will then issue Findings and Recommendations recommending that the remaining claims and defendants be dismissed from this action, and provide plaintiff with instructions on initiating service of process.

In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Further, under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior.  When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts

9

indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983.  See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Based on the foregoing, it is HEREBY ORDERED that:

1.    The Clerk's Office shall send plaintiff a civil rights complaint form;

2.    Within **thirty (30) days** from the date of service of this order, plaintiff must either:

    a.    File a second amended complaint curing the deficiencies identified by the court in this order which are curable, or

    b.    Notify the court in writing that he does not wish to file a second amended complaint and wishes to proceed only against defendants Hart, Bonilla, Smith, Davis, Kellog, Scribner, Andrews, Schwarzenegger, Hickman, Woodford, and Amaya  on his Eighth Amendment claims; and

3.    If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:   May 19, 2006**                              **/s/ Lawrence J. O'Neill**
b9ed48                                                    UNITED STATES MAGISTRATE JUDGE