# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON S. JOHNSON, | CASE NO. 1:05-CV-01340-AWI-LJO-P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS |
| v. | |
| RODERICK Q. HICKMAN, et al., | (Doc. 22) |
| Defendants. | |

I.  Findings and Recommendations Following Screening of Amended Complaint

   A.   Procedural History

Plaintiff Garrison S. Johnson ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3). Plaintiff filed this action on October 24, 2005. (Doc. 1.) On January 26, 2006, plaintiff filed an amended complaint. Fed. R. Civ. P. 15(a). (Doc. 16.)

On May 22, 2006, the court issued an order finding that plaintiff's amended complaint contains cognizable claims for relief under section 1983 against defendants Hart, Bonilla, Smith, Davis, Kellog, Scribner, Andrews, Schwarzenegger, Hickman, and Woodford for use of excessive force and against defendant Amaya for denial of medical care, in violation of the Eighth Amendment, but does not contain any other claims upon which relief may be granted under section 1983 or section 1985(3). (Doc. 21.) The court ordered plaintiff to either file a second amended complaint or notify the court of his willingness to proceed only on the claims found to be cognizable

///

by the court. (Id.) On June 1, 2006, plaintiff notified the court that he does not wish to file an amended complaint and wishes to proceed only on his Eighth Amendment claims. (Doc. 22.)

B. Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not

///

initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

        C.      Summary of Plaintiff's Amended Complaint

The events at issue in the instant action allegedly occurred at California State Prison-Corcoran, where plaintiff was housed at the time. Plaintiff is seeking monetary, declaratory, and injunctive relief. Plaintiff names as Arnold Schwarzenegger, Roderick Q. Hickman, Jeanne S. Woodford, A. K. Scribner, J. R. Andrews, J. Kavanaugh, J. Smith, J. Hart, V. Moran, A. Davis, I. Bonilla, Kellog, and J. Amaya defendants.

In his complaint, plaintiff alleges that on May 22, 2005, he was escorted from the dining hall to the program office by defendants Hart and Bonilla with defendant Smith following behind. (Doc. 16, Amend. Comp., ¶26 (page 7).[1]) After entering the office, defendant Bonilla held plaintiff while defendants Hart and Smith hit him in the head and face and slammed his head into the wall. (Id., ¶26 (page 8).) Plaintiff was subsequently placed in a holding cage, at which point he called defendant Smith a racist. (Id.) Defendant Smith then sprayed plaintiff in the face with pepper spray, after which defendants Bonilla and Hart took plaintiff to the administrative segregation unit for decontamination. (Id., ¶¶26 (page 8), 27.)

Plaintiff was taken to a shower and defendant Bonilla held plaintiff while defendant Hart put plaintiff in the water. (Id., ¶27.) Plaintiff screamed that the water was hot and defendant Hart began hitting plaintiff in the head and pushing his head and face into the shower walls. (Id.) Plaintiff alleges that defendants Davis, Kellog, and a Doe defendant were present when defendants Bonilla and Hart placed plaintiff in the shower and defendant Hart "torched" him with hot water and beat him, but did nothing to intervene. (Id., ¶28.) Plaintiff alleges that as a result of the beatings, he sustained a concussion, head trauma, head pain, a swollen and infected left eye, and a swollen right cheek and left eyelid. (Id., ¶29.)

Plaintiff alleges that defendant Amaya came to administrative segregation after the assault and asked plaintiff his name and number. (Id., ¶36.) Plaintiff told defendant Amaya that he had

---

[1] Plaintiff's amended complaint contains two paragraphs identified as the twenty-sixth paragraph.

3

1 been hit and slammed into wall, and was in pain, but defendant filed a report stating that plaintiff had
2 no injuries. (Id.) Plaintiff alleges that this caused him to be denied medical attention and that
3 defendant Amaya acted with deliberate indifference to his serious medical needs. (Id., ¶¶36, 37.)
4       On June 7, 2005, plaintiff filed a staff complaint against defendants Hart and Smith for the
5 beatings. (Id., ¶31.) Defendant Kavanaugh investigated the complaint and concluded that it was
6 false. (Id., ¶¶31, 32.) Plaintiff alleges that defendant Kavanaugh filed a false Rules Violation Report
7 against him, for filing a false staff complaint. (Id., ¶32.) Plaintiff was subsequently found guilty of
8 the rules violation. (Id.)
9       Plaintiff alleges that defendant Moran was assigned as the investigative employee. (Id., ¶34.)
10 Plaintiff told defendant Moran that the CDC 7219 (Medical Report of Injury of Unusual Occurrence
11 form) prepared by defendant Amaya was false because defendant Amaya failed to document
12 plaintiff's injuries. (Id..) Plaintiff alleges he told defendant Moran that the day after the incident he
13 was examined by Dr. Dang as an assault victim, and Dr. Dang ordered x-rays, and gave plaintiff an
14 ice pack and acetaminophen. (Id.) Plaintiff alleges that defendants Moran and Kavanaugh refused
15 to question Dr. Dang. (Id., ¶35.)
16       Plaintiff alleges that there is a pattern and practice of excessive force at Corcoran, of which
17 defendants Scribner and Andrews were aware. (Id., ¶38.) Plaintiff alleges that there is a pattern and
18 practice of using excessive force against African American inmates as they exit the dining hall
19 following their meal, and that defendants Scribner and Andrews were aware of it. (Id., ¶39.)
20 Plaintiff alleges that defendants Schwarzenegger, Hickman and Woodford were aware of the pattern
21 and practices of excessive force and discrimination occurring in all state prisons. (Id., ¶40.)
22       Plaintiff alleges claims for relief under section 1983 for retaliation in violation of the First
23 Amendment, use of excessive force and denial of medical care in violation of the Eighth
24 Amendment, and discrimination in violation of the Equal Protection Clause, and under section
25 1985(3) for conspiracy.
26 ///
27 ///
28 ///

D. <u>Plaintiff's Claims</u>

1. <u>Retaliation</u>

Plaintiff alleges that he was retaliated against for filing a staff complaint. (Id., ¶43-45.) Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. <u>Rizzo v. Dawson</u>, 778 F.2d 527, 532 (9th Cir. 1985); <u>see</u> <u>also</u> <u>Valandingham v. Bojorquez</u>, 866 F.2d 1135 (9th Cir. 1989); <u>Pratt v. Rowland</u>, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th Cir. 2005).

Although plaintiff's allegations are sufficient to state a claim for relief under section 1983 against defendant Kavanaugh for retaliating against him by filing a false Rules Violation Report against him, plaintiff's claim is barred at this time by the habeas exhaustion rule. As a result of being found guilty of filing a false report against a peace officer, plaintiff lost time credits.[2] Where "success in a . . . [section] 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." <u>Muhammad v. Close</u>, 540 U.S. 749, 751, 124 S.Ct. 1303, 1304 (2004) (citing to <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994)); <u>Edwards v. Balisok</u>, 520 U.S. 641, 648 (1997) (applying <u>Heck</u> to a prison disciplinary hearing where good-time credits were affected). Because the punishment imposed at the disciplinary hearing affects the duration of plaintiff's sentence and a finding that a false rules violation was issued against plaintiff in retaliation would invalidate the result of the disciplinary hearing, plaintiff's claim is barred until such time as plaintiff invalidates the result of the disciplinary hearing either through a petition for writ of habeas corpus or through prison procedures. Although plaintiff alleges only

///

---

[2] The court takes judicial notice of page 6 of Exhibit C, attached to plaintiff's original complaint. (Doc. 1.)

5

a retaliation claim, this bar would apply to any other claims against defendants stemming from the issuance and adjudication of the Rules Violation Report.

          2.      Excessive Force

"Whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishment Clause [of the Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992) (citing Whitley v. Albers, 475 U.S. 312, 320-21 (1986)). "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between the need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Hudson, 503 U.S. at 7. "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

Not "every malevolent touch by a prison guard gives rise to a federal cause of action. Id. at 9. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." Id. (citing Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir. 1973) (cert. denied sub nom. Johnson, 414 U.S. 1033 (1973)). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Id. at 9-10. However, the malicious and sadistic use of force to cause harm *always* violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)).

Plaintiff's allegations are sufficient to give rise to claims for relief under section 1983 against defendants Hart, Bonilla, Smith, Davis, and Kellog for use of excessive force. Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000) (an officer can be held liable for failing to intercede if he had a "realistic opportunity" to intercede). Plaintiff's allegations are also sufficient to give rise

to a claim for relief against defendants Scribner, Andrews, Schwarzenegger, Hickman, and Woodford for excessive force under a theory of supervisory liability, based on plaintiff's allegation that the use of force against him was part of a pattern and practice known to defendants.

### 3. Denial of Medical Attention

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

Plaintiff's allegations are sufficient to give rise to a claim for relief under section 1983 against defendant Amaya for acting with deliberate indifference to plaintiff's serious medical needs.

### 4. Equal Protection

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972). In order to state a section 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that defendants acted with intentional discrimination against plaintiff or against a class of inmates which included plaintiff. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins.

7

Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985). "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren, 152 F.3d at 1194.

Plaintiff alleges a claim for relief under section 1983 for denial of equal protection based on the California Department of Corrections and Rehabilitation's ("CDCR") policy of limiting employment of African Americans within the department, resulting in the overwhelming employment of Hispanics and Caucasians. (Comp., ¶¶51-56.) This claims fails as a matter of law. Although plaintiff may bring an equal protection claim based on intentional discrimination against himself, plaintiff does not have standing to bring a claim based on CDCR's allegedly discriminatory hiring practices.[3] Lujan v. Defenders of Wildlife, 504 U.S. 555, 112 S.Ct. 2130 (1992).

     5.   Section 1985(3) Conspiracy

Finally, plaintiff alleges that defendants conspired to use a code of silence to deprive him of equal protection of the law, in violation of 42 U.S.C. § 1985(3). (Comp., ¶57, 58.) Section 1985 proscribes conspiracies to interfere with an individual's civil rights. To state a cause of action under section 1985(3), plaintiff must allege: (1) a conspiracy, (2) to deprive any person or class of persons of the equal protection of the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or deprivation of any right or privilege of a citizen of the United States. Gillispie v. Civiletti, 629 F.2d 637, 641 (9th Cir. 1980); Giffin v. Breckenridge, 403 U.S. 88, 102-03 (1971). Section 1985 applies only where there is a racial or other class-based discriminatory animus behind the conspirators' actions. Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992).

In interpreting these standards, the Ninth Circuit has held that a claim under section 1985 must allege specific facts to support the allegation that defendants conspired together. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 626 (9th Cir. 1988). A mere allegation of conspiracy without factual specificity is insufficient to state a claim under section 1985. Id.; Sanchez v. City of Santa Anna, 936 F.2d 1027, 1039 (9th Cir. 1991).

---

[3] Additionally, CDCR is not named as a defendant and any claims against CDCR would be barred in any event because it is entitled to Eleventh Amendment immunity as a state agency.

As previously set forth, plaintiff has no standing to sue based on allegedly discriminatory hiring practices. With respect to conspiracy to discriminate by the individuals named as defendants in this action, plaintiff alleges only that there exists a pattern and practice of discriminating against African American inmates. Plaintiff has alleged no facts supporting a claim that on May 22, 2005, defendants conspired to use excessive force against him and/or to deny him medical care because he is African American. Although the federal system is one of notice pleading, plaintiff must allege some facts that would support a section 1985(3) claim.

### E. Conclusion

The court finds that plaintiff's amended complaint contains cognizable claims for relief under section 1983 against defendants Hart, Bonilla, Smith, Davis, Kellog, Scribner, Andrews, Schwarzenegger, Hickman, and Woodford for use of excessive force and against defendant Amaya for denial of medical care, in violation of the Eighth Amendment. However, the court finds that plaintiff's amended complaint does not contain any other claims upon which relief may be granted under section 1983 or section 1985(3). Plaintiff was provided with the opportunity to file a second amended complaint but opted to proceed only on his Eighth Amendment claims. Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed on plaintiff's amended complaint, filed January 31, 2006, against defendants Hart, Bonilla, Smith, Davis, Kellog, Scribner, Andrews, Schwarzenegger, Hickman, and Woodford for excessive force, and against defendant Amaya for deliberate indifference to plaintiff's medical needs, in violation of the Eighth Amendment;

2. Plaintiff's section 1983 retaliation and equal protection claims be dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff's section 1985(3) claim be dismissed for failure to state a claim upon which relief may be granted; and

4. Defendants Kavanaugh and Moran be dismissed from this action based on plaintiff's failure to state any claims upon which relief may be granted against them.

///

1  These Findings and Recommendations will be submitted to the United States District Judge
2  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20)**
3  **days** after being served with these Findings and Recommendations, plaintiff may file written
4  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
5  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
6  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d
7  1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     July 13, 2006**                    /s/ Lawrence J. O'Neill
b9ed48                            UNITED STATES MAGISTRATE JUDGE