UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON S. JOHNSON,<br><br>        Plaintiff,<br><br>vs.<br><br>RODERICK Q. HICKMAN, et al.,<br><br>        Defendants.<br>_____/ | 1:05-cv-01340-AWI-LJO-P<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** (Doc. 26)<br><br>**ORDER DISMISSING CERTAIN CLAIMS AND DEFENDANTS** (Doc. 22) |

Plaintiff Garrison S. Johnson ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On July 14, 2006, the Magistrate Judge filed a Findings and Recommendations herein which was served on plaintiff and which contained notice to plaintiff that any objection to the Findings and Recommendations was to be filed within twenty days. On July 26, 2006, plaintiff filed an objection to the Magistrate Judge's Findings and Recommendations.

///

1

1    By order filed May 22, 2006, plaintiff was given the option to
2 either file a second amended complaint or notify the Magistrate
3 Judge of his voluntary willingness to proceed only on the claims
4 found to be cognizable by the Magistrate Judge in his order.  On
5 June 1, 2006, plaintiff notified the Magistrate Judge that he did
6 not wish to amend and wished to proceed only on the claims found to
7 be cognizable.  As a result of plaintiff's notice, on July 14,
8 2006, the Magistrate Judge issued an order finding service of
9 plaintiff's amended complaint appropriate and directing plaintiff
10 to complete and return USM-285 forms and summonses for service of
11 process, and a Findings and Recommendations recommending dismissal
12 of certain claims and defendants.  Despite having opted not to file
13 a second amended complaint and agreeing to proceed only on his
14 cognizable claims, plaintiff now objects to the dismissal of his
15 equal protection claim.

16    In his objection, plaintiff argues that he may bring an equal
17 protection claim against prison officials based on their
18 discriminatory hiring policy.  Plaintiff contends that the hiring
19 policy limits employment opportunities for African American guards
20 and results in the overwhelming employment of Hispanic and
21 Caucasian guards, thereby subjecting plaintiff to discrimination.
22 The Magistrate Judge explained to plaintiff that he may bring an
23 equal protection claim based on intentional discrimination against
24 plaintiff but that he has no standing to challenge the hiring
25 policy.  Because plaintiff fails to allege any facts supporting a
26 claim that he was intentionally discriminated against by staff on
27 the basis of his race, plaintiff fails to state a claim.  The facts
28 alleged in plaintiff's amended complaint relating to the hiring

1 policy do not support a claim that plaintiff was discriminated
2 against and plaintiff sets forth no additional facts in his
3 objection supporting such a claim. Plaintiff's citation to <u>Johnson</u>
4 <u>v. California</u>, 543 U.S. 499, 125 S.Ct. 1141 (2005), a case in which
5 plaintiff was the petitioner, is inapposite as it involved a racial
6 segregation policy applied to and directly affecting inmates.
7 Plaintiff's objection to the dismissal of his equal protection
8 claims is without merit and this claim shall be dismissed.

9    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C)
10 and Local Rule 73-305, this Court has conducted a <u>de novo</u> review of
11 this case. Having carefully reviewed the entire file, the Court
12 finds the Findings and Recommendations to be supported by the
13 record and by proper analysis.

14    Accordingly, IT IS HEREBY ORDERED that:
15    1.   The Findings and Recommendations, filed July 14, 2006, is
16         ADOPTED IN FULL;
17    2.   This action shall proceed on plaintiff's amended
18         complaint, filed January 31, 2006, against defendants
19         Hart, Bonilla, Smith, Davis, Kellog, Scribner, Andrews,
20         Schwarzenegger, Hickman, and Woodford for excessive
21         force, and against defendant Amaya for deliberate
22         indifference to plaintiff's medical needs, in violation
23         of the Eighth Amendment;
24    3.   Plaintiff's section 1983 retaliation and equal protection
25         claims are DISMISSED, with prejudice, for failure to
26         state a claim upon which relief may be granted;
27 ///
28 ///

4. Plaintiff's section 1985(3) claim is DISMISSED, with prejudice, for failure to state a claim upon which relief may be granted; and,

5. Defendants Kavanaugh and Moran are DISMISSED from this action based on plaintiff's failure to state any claims upon which relief may be granted against them.

IT IS SO ORDERED.

**Dated:   August 28, 2006**              /s/ Anthony W. Ishii
0m8i78                                   UNITED STATES DISTRICT JUDGE

4