# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON S. JOHNSON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>RODERICK Q. HICKMAN, et al.,<br><br>　　　　　　Defendants.<br>　　　　　　　　　　　　　　　　／ | CASE NO. 1:05-cv-01340-LJO-NEW (DLB) PC<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, WITH PREJUDICE<br><br>(Doc. 59)<br><br>ORDER REQUIRING DEFENDANTS SCRIBNER, ANDREWS, HICKMAN, SCHWARZENEGGER, AND WOODFORD TO FILE A RESPONSE TO PLAINTIFF'S AMENDED COMPLAINT WITHIN THIRTY DAYS |

I.　Order

　　A.　Procedural History

Plaintiff Garrison S. Johnson ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's amended complaint, filed January 26, 2006, against defendants Hart, Bonilla, Smith, Davis, Kellog, Scribner, Andrews, Schwarzenegger, Hickman, and Woodford for excessive force, and against defendant Amaya for deliberate indifference to plaintiff's medical needs, in violation of the Eighth Amendment.[1] On October 30, 2006, defendants Scribner, Andrews, Schwarzenegger, Hickman, and

---

[1] On August 28, 2006, plaintiff's section 1983 retaliation and equal protection claims, and 42 U.S.C. § 1985(3) claim were dismissed from this action for failure to state any claims upon which relief may be granted, and defendants Kavanaugh and Moran were dismissed from this action based on plaintiff's failure to state any claims upon which relief may be granted against them. (Doc. 34.)

1

Woodford filed a motion to dismiss for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). (Docs. 59-61.) Plaintiff filed an opposition on November 21, 2006. (Doc. 62.)

  B.  <u>Legal Standard</u>

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint." <u>Schneider v. California Dept. of Corr.</u>, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). In considering a motion to dismiss for failure to state a claim, the Court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421, <u>reh'g denied</u>, 396 U.S. 869 (1969). The federal system is one of notice pleading. <u>Galbraith v. County of Santa Clara</u>, 307 F.3d 1119, 1126 (2002). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512.

  A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. <u>Id</u>. at 514. Discovery and summary judgment motions - not motions to dismiss - "define disputed facts" and "dispose of unmeritorious claims." <u>Id</u>. at 512. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" <u>Jackson v. Carey</u>, 353 F.3d 750, 755 (9th Cir. 2003) (quoting <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974)); <u>see also</u> <u>Austin v. Terhune</u>, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting <u>Fontana v. Haskin</u>, 262 F.3d 871, 977 (9th Cir. 2001))). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him

to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

C. Discussion

The Court has a statutory duty to screen complaints in cases such as this and dismiss any claims which fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A. Given this requirement, the Court is disinclined to view with favor a subsequent motion to dismiss for failure to state a claim. The instant motion is no exception.

In a Findings and Recommendations, the undersigned, at that time a Magistrate Judge, summarized plaintiff's allegations as follows:

> In his complaint, plaintiff alleges that on May 22, 2005, he was escorted from the dining hall to the program office by defendants Hart and Bonilla with defendant Smith following behind. (Doc. 16, Amend. Comp., ¶26 (page 7).[2]) After entering the office, defendant Bonilla held plaintiff while defendants Hart and Smith hit him in the head and face and slammed his head into the wall. (Id., ¶26 (page 8).) Plaintiff was subsequently placed in a holding cage, at which point he called defendant Smith a racist. (Id.) Defendant Smith then sprayed plaintiff in the face with pepper spray, after which defendants Bonilla and Hart took plaintiff to the administrative segregation unit for decontamination. (Id., ¶¶26 (page 8), 27.)
>
> Plaintiff was taken to a shower and defendant Bonilla held plaintiff while defendant Hart put plaintiff in the water. (Id., ¶27.) Plaintiff screamed that the water was hot and defendant Hart began hitting plaintiff in the head and pushing his head and face into the shower walls. (Id.) Plaintiff alleges that defendants Davis, Kellog, and a Doe defendant were present when defendants Bonilla and Hart placed plaintiff in the shower and defendant Hart "torched" him with hot water and beat him, but did nothing to intervene. (Id., ¶28.) Plaintiff alleges that as a result of the beatings, he sustained a concussion, head trauma, head pain, a swollen and infected left eye, and a swollen right cheek and left eyelid. (Id., ¶29.)
>
> Plaintiff alleges that defendant Amaya came to administrative segregation after the assault and asked plaintiff his name and number. (Id., ¶36.) Plaintiff told defendant Amaya that he had been hit and slammed into wall, and was in pain, but defendant filed a report stating that plaintiff had no injuries. (Id.) Plaintiff alleges that this caused him to be denied medical attention and that defendant Amaya acted with deliberate indifference to his serious medical needs. (Id., ¶¶36, 37.)
>
> On June 7, 2005, plaintiff filed a staff complaint against defendants Hart and Smith for the beatings. (Id., ¶31.) Defendant Kavanaugh investigated the complaint and concluded that it was false. (Id., ¶¶31, 32.) Plaintiff alleges that defendant Kavanaugh filed a false Rules Violation Report against him, for filing a false staff complaint. (Id., ¶32.) Plaintiff was subsequently found guilty of the rules violation.

---

[2] Plaintiff's amended complaint contains two paragraphs identified as the twenty-sixth paragraph.

1    (Id.)

2    Plaintiff alleges that defendant Moran was assigned as the investigative employee. (Id., ¶34.) Plaintiff told defendant Moran that the CDC 7219 (Medical Report of Injury of Unusual Occurrence form) prepared by defendant Amaya was false because defendant Amaya failed to document plaintiff's injuries. (Id..) Plaintiff alleges he told defendant Moran that the day after the incident he was examined by Dr. Dang as an assault victim, and Dr. Dang ordered x-rays, and gave plaintiff an ice pack and acetaminophen. (Id.) Plaintiff alleges that defendants Moran and Kavanaugh refused to question Dr. Dang. (Id., ¶35.)

*Plaintiff alleges that there is a pattern and practice of excessive force at Corcoran, of which defendants Scribner and Andrews were aware. (Id., ¶38.) Plaintiff alleges that there is a pattern and practice of using excessive force against African American inmates as they exit the dining hall following their meal, and that defendants Scribner and Andrews were aware of it. (Id., ¶39.) Plaintiff alleges that defendants Schwarzenegger, Hickman and Woodford were aware of the pattern and practices of excessive force and discrimination occurring in all state prisons.* (Id., ¶40.)

(Doc. 26, 3:9-4:21 (emphasis added).) The record was reviewed de novo by the Honorable Anthony W. Ishii and the Findings and Recommendations adopted in full. (Doc. 34.) Defendants now move for dismissal on the ground that plaintiff has not alleged specific facts demonstrating their personal knowledge of or the participation in the violation of plaintiff's rights.

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted.) "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "'A person 'subjects' another to the deprivation of a constitutional right, within the meaning of [§] 1983, if [that person] does an affirmative act, participates in another's affirmative acts or omits to perform

an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 466 F.3d 676, 689 (9th Cir. 2006) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also be setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

The federal system is one of notice pleading and plaintiff is not required at this stage in the proceedings to set forth specific facts showing how the defendants' actions or omissions led to the violation of his rights. Fed. R. Civ. P. 8(a), Hydrick, 466 F.3d at 689. Rather, plaintiff need only plead sufficient facts to place defendants on notice as to the basis of the claim against them, and to avoid dismissal on the basis that it appears beyond doubt that plaintiff can prove *no* set of facts entitling him to relief. In this instance, by alleging that defendants were aware of the pattern and practice of the use of excessive force, plaintiff has done all that he needs to do to satisfy Rule 8(a) and state a claim. To the extent that plaintiff's claims have no merit and he is in fact attempting to impose liability on defendants based on nothing more than their high-level positions of employment, a motion for summary judgment is the appropriate vehicle to advance such an argument. Defendants' motion to dismiss for failure to state a claim shall be denied, with prejudice.

D.  Conclusion

Based on the foregoing, it is HEREBY ORDERED that defendants Scribner, Andrews, Schwarzenegger, Hickman, and Woodford's motion to dismiss for failure to state a claim, filed October 30, 2006, is DENIED, with prejudice, and defendants Scribner, Andrews, Schwarzenegger, Hickman, and Woodford shall file a response to plaintiff's amended complaint within **thirty (30) days** from the date of service of this order.

IT IS SO ORDERED.

**Dated:  April 6, 2007**              /s/ Lawrence J. O'Neill
b9ed48                               UNITED STATES DISTRICT JUDGE