# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

GARRISON S. JOHNSON,

               Plaintiff,

    v.

RODERICK Q. HICKMAN, et al.,

               Defendants.

                           /

CASE NO. 1:05-cv-01340-LJO-NEW (DLB) PC

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL, MOTION FOR ISSUANCE OF PRELIMINARY INJUNCTION, AND MOTION TO VACATE DISCOVERY AND SCHEDULING ORDER

(Docs. 71, 72, and 74)

I.    <u>Order</u>

      Plaintiff Garrison S. Johnson ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on plaintiff's amended complaint, filed January 31, 2006, against defendants Hart, Bonilla, Smith, Davis, Kellog, Scribner, Andrews, Schwarzenegger, Hickman, and Woodford for excessive force, and against defendant Amaya for deliberate indifference to plaintiff's medical needs, in violation of the Eighth Amendment.[1]  On April 27, 2007, plaintiff filed a motion seeking the appointment of counsel and a motion seeking the issuance of a preliminary injunction.  On May 15, 2007, plaintiff filed a motion seeking to vacate the discovery and scheduling order pending a ruling on his motion for preliminary injunctive relief, and defendants filed a notice of non-opposition on May 16, 2007.

///

---

[1] Plaintiff's section 1983 retaliation and equal protection claims, and 42 U.S.C. § 1985(3) claim were dismissed from this action for failure to state any claims upon which relief may be granted, and defendants Kavanaugh and Moran were dismissed from this action based on plaintiff's failure to state any claims upon which relief may be granted against them.

1

1      A.    <u>Motion for Appointment of Counsel</u>

2      Plaintiff does not have a constitutional right to appointed counsel in this action, <u>Rand v.</u>

3 <u>Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent

4 plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  <u>Mallard v. United States District Court for the Southern</u>

5 <u>District of Iowa</u>, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional

6 circumstances the court may request the voluntary assistance of counsel pursuant to section

7 1915(e)(1).  <u>Rand</u>, 113 F.3d at 1525.

8      Without a reasonable method of securing and compensating counsel, the court will seek

9 volunteer counsel only in the most serious and exceptional cases.  In determining whether

10 "exceptional circumstances exist, the district court  must evaluate both the likelihood of success of

11 the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity

12 of the legal issues involved."  <u>Id</u>. (internal quotation marks and citations omitted).

13      In the present case, the court does not find the required exceptional circumstances.  Even if

14 it is assumed that plaintiff is not well versed in the law and that he has made serious allegations

15 which, if proved, would entitle him to relief, his case is not exceptional.  This court is faced with

16 similar cases almost daily.  Further, at this early stage in the proceedings, the court cannot make a

17 determination that plaintiff is likely to succeed on the merits, and based on a review of the record

18 in this case, the court does not find that plaintiff cannot adequately articulate his claims.  <u>Id</u>.

19 Therefore, plaintiff's motion for the appointment of counsel shall be denied.

20      B.    <u>Motion for Issuance of Preliminary Injunction</u>

21      Plaintiff seeks a court order mandating his transfer to another prison or his placement in

22 federal custody, and mandating the return of his legal property, books, and documents.  The purpose

23 of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors

24 the moving party that justice requires the court to intervene to secure the positions until the merits

25 of the action are ultimately determined.  <u>University of Texas v. Camenisch</u>, 451 U.S. 390, 395

26 (1981).  A preliminary injunction is available to a plaintiff who "demonstrates either (1) a

27 combination of probable success and the possibility of irreparable harm, or (2) that serious questions

28 are raised and the balance of hardship tips in its favor."  <u>Arcamuzi v. Continental Air Lines, Inc.</u>, 819

F. 2d 935, 937 (9th Cir. 1987).  Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury."  Id.  Also, an injunction should not issue if the plaintiff 0"shows no chance of success on the merits."  Id.  At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation."  Id.

"[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983) (citations omitted); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006).  "Abstract injury is not enough." Lyons, 461 U.S. at 101, 103 S.Ct. at 1665.  "[P]laintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." Id. (internal quotations and citations omitted).  "The key issue is whether the plaintiff is 'likely to suffer future injury.'"  Jones, 444 F.3d at 1126 (quoting Lyons at 105, 1667).  When a government agency is involved, it must "be granted 'the widest latitude in the dispatch of its own internal affairs,'" Gomez v. Vernon, 255 F.3d 1118, 1128 (9th Cir. 2001) (quoting Rizzo v. Goode, 423 U.S. 362, 378-79, 96 S.Ct. 598, 608 (1976)), and "[w]hen a state agency is involved, these considerations are, in anything, strengthened because of federalism concerns," Gomez, 255 F.3d at 1128.  "[A]ny injunctive relief awarded must avoid unnecessary disruption to the state agency's 'normal course of proceeding.'"  Id. at 1128 (quoting  O'Shea v. Littleton, 414 U.S. 488, 501, 94 S.Ct. 669, 679 (1974)).

In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."  18 U.S.C. § 3626(a)(1)(A).

///

1    Plaintiff is currently housed at the California Correctional Institution ("CCI") in Tehachapi.

2    The events giving rise to plaintiff's claims in this action occurred at California State Prison-Corcoran

3    in 2005.  The preliminary injunctions plaintiff currently seeks relate to his current conditions of

4    confinement at CCI, and issuance of the orders would not remedy the claims at issue in this action.

5    As such, the court does not have jurisdiction, in this action, to issue the orders sought by plaintiff

6    in his motion and his motion shall therefore be denied.

7    C.    Motion to Vacate Discovery and Scheduling Order

8    Plaintiff's motion to vacate the discovery and scheduling order pending a ruling on his

9    motion for preliminary injunctive relief shall be denied in light of the issuance of this order.

10   D.    Conclusion

11   Based on the foregoing, it is HEREBY ORDERED that:

12   1.    Plaintiff's motion for the appointment of counsel, filed April 27, 2007, is DENIED;

13   2.    Plaintiff's motion for preliminary injunctive relief, filed April 27, 2007, is DENIED;

14         and

15   3.    Plaintiff's motion to vacate the discovery and scheduling order pending a ruling on

16         his motion for preliminary injunctive relief, filed May 15, 2007, is DENIED.

17

18   IT IS SO ORDERED.

19   **Dated:    May 18, 2007**                        **/s/ Lawrence J. O'Neill**
                                                    UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28