1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON S. JOHNSON, | CASE NO. 1:05-cv-01340-LJO-GSA PC |
| Plaintiff, | ORDER DENYING MOTION TO FILE SUPPLEMENTAL COMPLAINT AND FOR SERVICE OF SUPPLEMENTAL COMPLAINT |
| v. | |
| RODERICK Q. HICKMAN, et al., | (Doc. 104) |
| Defendants. | |
| _____/ | |

Plaintiff Garrison S. Johnson ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's amended complaint, filed January 31, 2006, against Defendants Hart, Bonilla, Smith, Davis, Kellog, Scribner, Andrews, Schwarzenegger, Hickman, and Woodford for excessive force, and against Defendant Amaya for deliberate indifference to Plaintiff's medical needs, in violation of the Eighth Amendment.  On December 11, 2007, Plaintiff filed a motion seeking leave to file a supplemental complaint and for service of the supplemental complaint by the United States Marshal.  Defendants filed an opposition on December 21, 2007, and Plaintiff filed a reply on January 7, 2008.

The claims at issue in this action arose from an incident of excessive force which occurred at California State Prison-Corcoran on May 22, 2005.  Defendants oppose Plaintiff's motion on the ground that Plaintiff seeks to add twelve new Defendants involved in incidents of excessive force and denial of medical care at California Correctional Institution (CCI) from October 2006 through March 2007.

///

1

1    The Court does not have before it Plaintiff's proposed supplemental complaint.[1]  However,

2    Plaintiff may not pursue claims in this action which accrued after this action was filed at a different

3    prison.  Plaintiff is pursuing a claim in this action against former California Department of

4    Corrections and Rehabilitation ("CDCR") Directors/Secretaries for excessive force on the basis that

5    they were aware of the pattern and practice of the use of excessive force at Corcoran.  Plaintiff seeks

6    to add a claim against the current Director/Secretary as well as a former Director/Secretary under the

7    same theory stemming from the use of force at CCI.  Plaintiff's argument that the new parties are

8    part of CDCR operations, for which past and present Directors/Secretaries are responsible, is

9    unavailing.

10    First, pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought

11    with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

12    confined in any jail, prison, or other correctional facility until such administrative remedies as are

13    available are exhausted."  42 U.S.C. § 1997e(a).  Exhaustion must occur *prior* to filing suit.

14    McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  The section 1997e(a) exhaustion

15    requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532

16    (2002), and "[a]ll 'available' remedies must now be exhausted; those remedies need not meet federal

17    standards, nor must they be 'plain, speedy, and effective.'"  Porter, 534 U.S. at 524 (citing to Booth

18    v. Churner, 532 U.S. 731, 739 n.5 (2001)).  Prisoners must complete the prison's administrative

19    process, regardless of the relief sought by the prisoner and regardless of the relief offered by the

20    process, as long as the administrative process can provide some sort of relief on the complaint stated.

21    Booth, 532 U.S. at 741.

22    In light of section 1997e(a), Plaintiff may not add new claims that arose after this suit was

23    filed.  In a "conflict between Federal Rule of Civil Procedure 15 and the PLRA, the rule would have

24    to yield to the later-enacted statute to the extent of the conflict."  Harris v. Garner, 216 F.3d 970, 982

25    (11th Cir. 2000).  Rule 15 "does not and cannot overrule a substantive requirement or restriction

26    contained in a statute (especially a subsequently enacted one)."  Id. at 983; see also Cox v. Mayer,

27

28    [1] It is unclear whether the Court did not receive the supplemental complaint in the mail or whether it was misplaced through an administrative error.

332 F.3d 422, 428 (6th Cir. 2003) (citing <u>Harris</u> for this proposition with favor).  Allowing Plaintiff to pursue these new claims would allow Plaintiff to thwart the mandate of section 1997e(a), which requires that claim exhaustion occur prior to filing suit and not during the pendency of the suit. <u>McKinney</u>, 311 F.3d at 1199-1201.

Second, despite Plaintiff's attempt to create a link between the claims, they are not related. The claims in this action accrued in 2005 at Corcoran while the new claims accrued in 2006 and 2007 at CCI.  Plaintiff may not add new, unrelated claims against new parties to this action.  <u>George v. Smith</u>, 507 F.3d 605, 609 (7th Cir. 2007).

Based on the foregoing, Plaintiff's motion for leave to file a supplemental complaint and for service of the supplemental complaint, filed December 11, 2007, is HEREBY DENIED.

IT IS SO ORDERED.

**Dated:** ___**March 28, 2008**___          _____/s/ **Gary S. Austin**_____
                                                      UNITED STATES MAGISTRATE JUDGE