1  Garrison S. Johnson D59672
   Kern Valley State Prison
2  P.O. Box 5103
   Delano, California 93216
3



4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  GARRISON S. JOHNSON,              1:05-CV-01340-JLO-GSA

12      Plaintiff,                    PLAINTIFF'S MOTION FOR ENFORCEMENT OF SETTLEMENT
                                      AGREEMENT AND MOTION TO REOPEN THIS CASE
13  vs.

14  RODERICK Q. HICKMAN, et al.,

15      Defendants.

16  _____/

17      Now comes Garrison S. Johnson, Plaintiff in the above entitled case who moves

18  this court for an order enforcing the Defendants to pay Plaintiff $15,000.00 in

19  agreement to the terms of the contract the Defendants entered with Plaintiff on

20  January 28, 2010. Plaintiff also motion the court to reopen this matter to enforce

21  the settlement agreement and/or contenue the prosecution of this case.

22      On January 28,2010, the parties inthis case agreed to settle the case under

23  the terms that the Defendants would expunge the Rules Violation Report from

24  Plaintiff's prison file and pay plaintiff $15,000.00 no later then 150-days from

25  the execution of the agreement. A copy of the settlement agreement is attached as

26  Exhibit A.

27      The Defendants has failed to live up to the terms of the agreement by failing

28  to pay Plaintiff $15,000.00 in 150-days.  Plaintiff contends that 200-days has

PRINTED ON
RECYCLED PAPER

1  passed since the execution of the agreement and the Defendants has not deposited

2  the $15,000.00 into Plaintiff's inmate trust account which is breach of contract.

3      Wherefore, for the herein reasons Plaintiff prays that the court reopen this

4  case and issue an enforcement order requiring the Defendants to deposit $15,000.00

5  Into Plaintiff's inmate trust account.

6

7  Dated: 8/11/10                              Respectfully Submitted

8

9                                              GARRISON S. JOHNSON

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PRINTED ON
RECYCLED PAPER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GARRISON S. Johnson,

     Plaintiff,

  vs.

RODERICK Q. HICKMAN, et al.,

     Defendants.

                  /

1:05-CV-01340-JLO-GSA

PROOF OF SERVICE

    I hereby certify that on August 11, 2010, I esrved a copy of the attached PLAINTIFF'S MOTION FOR ENFORCEMENT OF SETTLEMENT AGREEMENT AND MOTION TO REOPEN THIS CASE, by placing a copy in a paid postage paid envelope adressed to the person(s) hereinafter listed, by depositing said enelope in the United States Mail at Delano, California:

Department of Corrections and
Rehabilitation
Stephanie Clauss,
Chief Deputy General Counsel
1515 S. Street
Sacramento, CA 93814

Rebecca M. Armstrong-Grau
Deuty Attorney General
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550

    I declare under penalty of perjury that the foregoing is true and correct.

GARRISON S. JOHNSON

# EXHIBIT A

1  EDMUND G. BROWN JR., State Bar No. 37100
   Attorney General of California
2  KENNETH R. WILLIAMS, State Bar No. 73170
   Supervising Deputy Attorney General
3  REBECCA M. ARMSTRONG-GRAU, State Bar No.
   227452
4  Deputy Attorney General
   1300 I Street, Suite 125
5  P.O. Box 944255
   Sacramento, CA 94244-2550
6  Telephone: (916) 327-5686
   Fax: (916) 324-5205
7  E-mail: Rebecca.ArmstrongGrau@doj.ca.gov
   *Attorneys for Defendants Schwarzenegger, Hickman,*
8  *Woodford, Scribner, Andrews, Davis, Kellog,*
   *Amaya, Hart, Bonilla and Smith*
9
            IN THE UNITED STATES DISTRICT COURT
10
         FOR THE EASTERN DISTRICT OF CALIFORNIA
11
                    FRESNO DIVISION
12

13

14  **GARRISON S. JOHNSON,**              1:05-CV-01340-LJO-GSA

15                         Plaintiff,   **STIPULATION FOR VOLUNTARY**
                                        **DISMISSAL WITH PREJUDICE AS TO**
16          v.                          **DEFENDANT AMAYA**

17                                      **Fed. R. Civ. P. 41(a)(1)(A)(ii)**
    **RODERICK Q. HICKMAN, et al.,**
18                                      Action Filed:  January 26, 2006
                          Defendants.
19

20      IT IS STIPULATED that, under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the

21  above entitled action shall be dismissed with prejudice as to all Defendants.

22

23  Dated: 1-28-10            _____
                              Garrison Johnson, Plaintiff Pro Se
24

25  Dated: 1 28 10            _____
26                            Rebecca M. Armstrong-Grau
                              Deputy Attorney General
27                            Attorneys for Defendants

28  SA2006303141/30939920.doc
                              1

1  EDMUND G. BROWN JR., State Bar No. 37100
   Attorney General of California
2  KENNETH R. WILLIAMS, State Bar No. 73170
   Supervising Deputy Attorney General
3  REBECCA M. ARMSTRONG-GRAU, State Bar No.
   227452
4  Deputy Attorney General
   1300 I Street, Suite 125
5  P.O. Box 944255
   Sacramento, CA 94244-2550
6  Telephone: (916) 327-5686
   Fax: (916) 324-5205
7  E-mail: Rebecca.ArmstrongGrau@doj.ca.gov
   Attorneys for Defendants Schwarzenegger, Hickman,
8  Woodford, Scribner, Andrews, Davis, Kellog,
   Amaya, Hart, Bonilla and Smith
9
                    IN THE UNITED STATES DISTRICT COURT
10
                FOR THE EASTERN DISTRICT OF CALIFORNIA
11
                              FRESNO DIVISION
12

13

14  **GARRISON S. JOHNSON,**              1:05-CV-01340-LJO-GSA

15                        Plaintiff,  **STIPULATION FOR VOLUNTARY
                                       DISMISSAL WITH PREJUDICE**
16          v.
                                       **Fed. R. Civ. P. 41(a)(1)(A)(ii)**
17
    **RODERICK Q. HICKMAN, et al.,**      Action Filed: January 26, 2006
18
                        Defendants.
19

20       IT IS STIPULATED that, under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the

21  above entitled action shall be dismissed with prejudice as to all Defendants.

22

23  Dated: 1-28-010
                                       Garrison Johnson, Plaintiff Pro Se
24

25  Dated: 1 28 10

26                                     Rebecca M. Armstrong-Grau
                                       Deputy Attorney General
27                                     Attorneys for Defendants

28  SA2006303141/30939920.doc
                                       1

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

### PARTIES

This Settlement Agreement and General Release (Agreement) is entered by and between plaintiff Garrison Johnson (Plaintiff) and all Defendants in this action.

### RECITALS

Certain disputes and differences have arisen between the parties to this Agreement. These disputes and differences resulted in Plaintiff filing a Second Amended Complaint in the United States District Court for the Eastern District of California *Johnson v. Hickman, et al.*, Case No. 1:05-cv-1340, (the Complaint), alleging civil rights violations under 42 U.S.C. § 1983.

The parties now desire and intend by this Agreement to compromise and settle all disputes between them relating to the claims alleged in the Complaint, and which concern in any way disputes arising out of the Complaint, and to discharge each other from any and all liability with reference to such claims.

Therefore, in consideration of the mutual covenants set forth in this Agreement, the parties agree to effect a compromise of their dispute on the terms and conditions set forth below.

### TERMS AND CONDITIONS

1. Plaintiff shall sign a request for voluntary dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), which Defendants shall file with the Court.

2. The parties agree to settle this matter for the amount of $ 15,000, the expungement of Rule Violation Report (RVR) Log #3B-05-07-010 and restoration of 20 days behavior credits associated with RVR Log #3B-05-07-010. Plaintiff must sign and submit the Settlement Agreement, complete the Payee Data Record form, and sign the Stipulation for Dismissal with Prejudice. The parties understand that this payment can take up to 150 days from the execution of this agreement in the absence of a State budget, within 150 of the passage of the State budget. Payment shall be made out to Garrison Johnson in the form of a check. Plaintiff understands that, as required by state law, any amounts owing for restitution will first be deducted from the total settlement amount, and the remaining funds shall be deposited into Garrison Johnson's inmate trust account.

3. There are no other actions required by CDCR or Defendants under this agreement.

### GENERAL RELEASE

It is the intention of the parties in executing this Agreement and in receiving and accepting the consideration referred to that this Agreement shall be effective as a full and final accord and satisfaction and release of each and every released matter. By signing this Agreement, Plaintiff releases all Defendants from all claims, past, present and future, known or unknown, which arise or could arise from the facts alleged in the Complaint.

In furtherance of this intention, each of the parties acknowledges that they are familiar with, and expressly waive, the provisions California Civil Code section 1542, which provides as follows:

A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release which if known by him or her must have materially affected his or her settlement with the debtor.

This settlement is the compromise of various disputed claims and shall never be treated as an admission of liability by any of the parties for any purpose. The signature of or on behalf of the respective parties does not indicate or acknowledge the validity or merits of any claim or demand of the other party.

### SUCCESSORS AND ASSIGNS

This Agreement shall be binding on each of the parties, their respective officers, agents, administrators, successors, assignees, heirs, executors, trustees, attorneys, consultants, and any committee or arrangement of creditors organized with respect to the affairs of any such party.

Each of the parties, on their own behalf, and on behalf of their principals, agents, attorneys, successors, assigns, heirs, descendants, executors, representatives, partners, and associates fully mutually release and discharge the other parties and their principals, agents, attorneys, successors, assigns, heirs, descendants, executors, representatives, partners, and associates from all rights, claims, and actions which each party and their successors now may have or at any time in the future may have against the other parties and their successors.

### REPRESENTATIONS AND WARRANTIES

No admission of liability. This Agreement is executed in compromise of disputed claims and shall not be construed as an admission of liability.

No other consideration. The consideration recited in this Agreement and release is the only consideration for this Agreement, and no representations, promises, or inducements have been made to the parties, or any of their representatives, other than those set forth in this Agreement.

Execution in counter-part. This Agreement may be executed simultaneously in one or more counter-parts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

Execution of further documents. Each party to this Agreement shall execute or cause to be executed such further and other documents as are needed to carry out the expressed intents and purposes of this Agreement.

Entire agreement. This Agreement constitutes a single, integrated agreement expressing the entire agreement of the parties, and there are no other agreements, written or oral, express or implied, between the parties, except as set forth in this Agreement.

No oral modifications or waiver. No supplement, modification, or amendment to this Agreement shall be binding unless executed in writing by all the parties. No waiver of any provision of this Agreement shall be binding unless executed in writing by the party making the waiver. No waiver of any provision of this Agreement shall be deemed, or shall constitute, a waiver of any other provision, whether or not similar, nor shall any waiver constitute a continuing waiver.

Governing law. This Agreement shall be governed by and interpreted under the laws of the State of California.

The undersigned agree to the above:

Dated: 1-28-/0

By: _____
Garrison Johnson
Plaintiff in Pro Per

Dated: /-28-10

By: _____
Raul Lopez, Acting Warden
Designated CDCR Representative

SA2006303141
30939919.doc